IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**KEDRICK DESHUNE CLARK**                                  **PLAINTIFF**

v.                                                                                **No. 4:09CV101-A-A**

**WARDEN DWIGHT PRESLEY, ET AL.**                        **DEFENDANTS**

**REPORT AND RECOMMENDATION**

On May 11, 2010, plaintiff Kedrick Deshune Clark, an inmate in the custody of the East Mississippi Correctional Facility with inmate number T7712, appeared for a hearing as set forth in *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), to determine whether there exists a justiciable basis for his claim filed under 42 U.S.C. § 1983. A plaintiff's claim will be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998) (citations omitted). The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed this lawsuit.[1]

**Allegations**

The facts as claimed by the plaintiff in his complaint and at the *Spears* hearing are as follows. On January 2, 2007, plaintiff set a fire in his cell in Unit 32-E at the Mississippi State Penitentiary in Parchman, Mississippi. While he was still in his cell, prison guards sprayed him with a chemical agent to subdue him; the guards then took plaintiff to a "strip cell," where inmates are housed with only a mat and their clothing, stripped of all other personal possessions.

---

[1] 28 U.S.C. § 1915(g).

He stayed in the strip cell for thirty days, after which he was moved to another cell where his possessions were returned.

Plaintiff was not initially permitted to wash off the chemical agent and developed chemical burns on his shoulder and face. He was later treated by a doctor for the burns. The plaintiff was permitted to shower only three times during his thirty-day stay in the strip cell. He did not state whether water for washing off the chemical agent was available in the strip cell. The clothes plaintiff wore during his stay in the strip cell were the ones which had been sprayed with mace. As he had no other clothes or hygiene products, he borrowed a towel from another inmate so he had something to wear while his contaminated clothes were laundered, a chore the facility oversees about three times per week. Plaintiff's legal papers were also confiscated during this time, but his ongoing pursuit of *habeas corpus* relief, which lasted from 2006 to 2009, was not affected.

Plaintiff testified that he was found guilty of the rule violation of setting a fire in his cell, although he neither saw the rule violation report nor attended a hearing on the rule violation. His punishment for the rule violation consisted of being placed in the strip cell for thirty days. The plaintiff alleges that Mississippi Department of Corrections policy permits an inmate's placement on property restriction for a maximum of seventy-two hours – and provides that property restriction should not be used as a punishment – but that defendant Warden Dwight Presley had set a local policy in Unit 32 of a 30-day property restriction for setting fires. Clark also alleges that Captain Milton had Clark's property removed from his cell, that he complained to Captain Battle and Lieutenant Thomas about washing off the chemical agent and the 30-day placement in a strip cell, but they did nothing to assist him.

**General Conditions of Confinement**

Kedrick Clark argues that his placement in a strip cell for thirty days violated the Eighth Amendment prohibition against cruel and unusual punishment. "[T]he Eighth Amendment may afford protection against conditions of confinement which constitute health threats but not against those which cause mere discomfort or inconvenience." *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir.1989), *cert. denied*, 493 U.S. 969 (1989) (citation omitted). "Inmates cannot expect the amenities, conveniences, and services of a good hotel." *Id.* at 849 n.5 (citation omitted). It is clear that prison officials have certain duties under the Eighth Amendment, but these duties are only to provide prisoners with "humane conditions of confinement," including "adequate food, clothing, shelter, and medical care . . . ." *Woods v. Edwards*, 51 F.3d 577, 581 n.10 (5th Cir. 1995) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)).

Based upon a review of the "totality of the circumstances," *McCord v. Maggio*, 910 F.2d 1248 (5th Cir. 1990), Clark's claims do not rise to the level of a constitutional violation. He has not identified any "basic human need" which he was denied for an unreasonable period of time. *See Woods*, 51 F.3d at 581. He had clothing (which could be laundered three times per week), food, shelter, a bed, and the opportunity to shower an average of once every ten days.[2] Thus, Warden Presley's local policy of thirty-day property restriction, as carried out by Captain Milton, was permissible under the Eighth Amendment.

**Due Process: Clark's Punishment for Setting a Fire in His Cell**

Kedrick Clark also alleges that the defendants violated his right to due process by finding him guilty of setting a fire in his cell without notifying him in writing or permitting him the opportunity to appear and present witnesses on his behalf. Clark has, however, failed to set forth

---

[2]Clark's allegation regarding a delay in his opportunity to wash off the chemical agent used to subdue him will be discussed in another section of the Report and Recommendation.

a claim which implicates the Due Process Clause or any other constitutional protection. *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995). "States may under certain circumstances create liberty interests which are protected by the Due Process Clause [, but] these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* 115 S. Ct. at 2300 (citations omitted). In the *Sandin* case, the discipline administered the prisoner was confinement in isolation. Because this discipline fell "within the expected parameters of the sentence imposed by a court of law," *id*. at 2301, and "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest," *id*., the Court held that neither the Due Process Clause itself nor State law or regulations afforded a protected liberty interest that would entitle the prisoner to the procedural protections set forth by the Court in *Wolff v. McDonnell*, 418 U.S. 539, 41 L. Ed. 2d 935 (1974). *See also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000) (holding prisoner's 30-day loss of commissary privileges and cell restriction due to disciplinary action failed to give rise to due process claim).

Clark's placement in isolation on property restriction is similar to the punishment in *Sandin* and is a rational safety and security measure in response to Clark's decision to use his property to start a fire in a penal institution where human beings are confined and cannot simply vacate the premises should the fire burn out of control. This discipline does not constitute an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life;" instead, the discipline falls "within the expected parameters of the sentence imposed by a court of law," *Sandin* at 2301. For this reason, Clark's claim that the defendants violated his right to due process regarding his punishment for setting a fire in his cell should be dismissed.

### Denial of Medical Care

Finally, Clark's claim that defendants Captain Battle and Lieutenant Thomas did not permit him to wash the chemical agent from his face or otherwise seek medical care right away and that the delay caused chemical burns on his face and shoulder should proceed.

### Conclusion

In sum, the undersigned respectfully recommends that the plaintiff's claims regarding due process and general conditions of confinement be dismissed as to all defendants, that defendants Dwight Presley and Captain Milton be dismissed from this suit. In addition, the plaintiff's claim of denial of medical care against Captain Battle and Lieutenant Thomas for denying the plaintiff the opportunity to wash chemical agent from his skin should proceed.

### Handling of Objections, Acknowledgment of Receipt

The appropriate procedures for filing objections to these findings and recommendations are found in 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). Objections must be in writing and must be filed within fourteen (14) days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendation in a magistrate judge's report and recommendation within [14] days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*)(citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178, 115 S.Ct. 1163, 130 L. Ed. 1119 (1995).

The plaintiff must acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within fourteen (14) days of this date. *Failure to comply with the requirements of this paragraph may lead to*

*dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.*

Respectfully submitted this 12th day of May, 2010.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE